UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-25100-cv-DLG

ALAN WIEGAND and KIMBERLY
SCHULTZ-WIEGAND, Individually and as
Personal Representatives of the Estate of
Chloe Wiegand, deceased minor,

      *Plaintiffs*,

v.

ROYAL CARIBBEAN CRUISES LTD.,

      *Defendant*.
_____/

**ROYAL CARIBBEAN CRUISES LTD.'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF ALL VIDEO FOOTAGE.**

Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("RCL"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida, files this Response to Plaintiffs' Motion to Compel [ECF No. 14] and in support states:

**Preliminary Statement**

Plaintiff's Motion to Compel is factually inaccurate and procedurally improper. The Motion should be denied for several independent reasons:

- RCL previously agreed to provide Plaintiffs' counsel the video footage they requested, none of which shows the subject incident and/or window. RCL produced the footage before filing this Response. For this reason, Plaintiffs' Motion is moot;

- Plaintiff's reliance on Fed. R. Civ. P. 26 is misplaced. The additional footage Plaintiffs seek contains no relevant information and RCL does not intend to use it to support its defenses; and

- Even if RCL intended to rely on the irrelevant footage Plaintiffs seek, any motion compelling Fed. R. Civ. P. 26 disclosures is premature given a scheduling conference under Rule 26(f) has not yet taken place.

**Analysis**

As represented to Plaintiffs' counsel and as reflected in RCL's Motion to Dismiss,[1] RCL filed all CCTV footage that captured the subject incident. Although other CCTV cameras were on the deck where the incident occurred, none of them pointed towards the window where Mr. Anello intentionally placed his step-granddaughter before she fell. Within 48 hours after Plaintiffs' counsel requested all videos from the cameras they identified (limited to footage captured at the time of the subject incident), and despite being under no obligation whatsoever to do so, RCL agreed to produce them. Specifically, on January 17, 2020, undersigned indicated that RCL was in the process of investigating Plaintiff's request and would provide the footage, to the extent it existed. (*See* emails exchanged between counsels for RCL and Plaintiffs between January 15, 2020 and January 17, 2020 attached as Composite Exhibit "A"). Despite that the fact that RCL's agreement rendered their motion to compel moot, Plaintiffs nonetheless filed it. This was not in good faith. Moreover, as noted above, RCL produced the video footage to Plaintiff before it filed this Response. (*See* email dated January 22, 2020 producing the requested footage). The Court should deny Plaintiffs' Motion for these reasons alone.

Plaintiffs' counsel apparently took issue with the fact that RCL needed to investigate their request to determine what footage existed. The first step of that investigation was to identify the cameras in question, which was not readily apparent from the photographs that Plaintiffs' counsel provided undersigned. [ECF No. 14-2]. In fact, RCL subsequently discovered that two of the items that Plaintiffs represented to be cameras were actually audio speakers. RCL is in the process of gathering the footage that Plantiffs requested, which is not a task that can be finalized

---

[1] *See* ECF No. 7 at n. 1, noting that "Mr. Anello's actions were captured by two separate video surveillance cameras on the ship."

instantaneously. As noted above, none of the additional footage Plaintiffs seek captured the incident and/or the subject window area.

Plaintiffs' Motion also suffers from several procedural defects that warrant its denial. First, Plaintiffs' Motion is premature because the parties' Rule 26(a) Initial Disclosures are not due yet. Plaintiffs' counsel, who themselves have not yet served RCL with Plaintiffs' Initial Disclosures, are well aware of this Rule's timing requirements.[2] Plaintiffs' Motion should be summarily denied for this reason alone.

Second, Rule 26(a) only requires the disclosure of documents and materials that the disclosing party *may use* to support its claims or defenses. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii). It does not, however, require disclosure of documents that the parties *do not intend to use*. The video footage Plaintiff seeks to compel does not depict the subject incident or the subject window. At this stage of the litigation, RCL does not intend to rely on any footage that does not show the incident. Accordingly, because Rule 26(a) has not been triggered, there is nothing for Plaintiffs, who have not yet propounded any discovery to RCL, to compel.

Lastly, Plaintiffs devote the majority of their Motion to argue about the content of the video footage RCL filed. At the outset, they do not dispute that Mr. Anello placed his upper body over the top of the railing and leaned out for several seconds, that he reached down and picked up Chloe

---

[2] Under Rule 26(a)(1)(C), initial disclosures are due "at or within 14 days after the parties' Rule 26(f) conference." Under Rule 26(f), the conference must occur "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." The Court set a "Status Conference" for March 11th [ECF No. 11]. If considered a scheduling conference, the Rule 26(f) conference should be completed by February 19, 2020 and initial disclosures would be due on March 4, 2020. If not considered a scheduling conference, the deadline is triggered by the due date for a scheduling order. Under Rule 16(b), the time to issue a scheduling order is the earlier of 90 days after any defendant has been served with the complaint of 60 days after any defendant has appeared. RCL was served on December 18, 2019 and appeared on January 8, 2020. The earlier of these dates is March 8, 2020. RCL will endeavor to coordinate the Rule 26(f) before the February 19, 2020.

3

(who could not have physically reached the railing on her own), and that he recklessly exposed her to the open window for approximately 34 seconds before he lost his grip. They claim, however, based on a set of staged photographs, that Mr. Anello could not have placed his entire head completely outside the window frame. This distinction makes absolutely no difference. The fact remains, Chloe would be alive today but for the reckless actions of Mr. Anello exposing Chloe to an open window. Still, Plaintiffs' contention that it needs video footage to respond to RCL's Motion to Dismiss is not well-taken. Indeed, RCL's Rule 12(b)(6) Motion to Dismiss specifically stated:

> Although the Court need not consider the video to find that the Complaint should be dismissed for failure to state a cause of action, RCL submits the video because it shows the circumstances that led to this accident. As noted, there is no need for the Court to rule on the clear facts shown in the video in order to grant RCL's motion to dismiss.

*See* RCL Motion to Dismiss, ECF No. 7, p.3. In any event, if Plaintiffs wish to dispute the content of the video footage and claim that a reasonable prudent person cannot discern an open window unless they can stick their head out of it, their Motion to Compel is not the proper vehicle to assert such a proposition.

## Conclusion

For the reasons stated above, Plaintiffs' Motion to Compel should be denied as moot or, alternatively, as factually incorrect and procedurally improper.

Dated:  January 22, 2020

                                                                                         Respectfully submitted,

| **HAMILTON, MILLER & BIRTHISEL, LLP** | **BOIES SCHILLER FLEXNER LLP** |
|---|---|
| /s/ Jerry D. Hamilton | /s/ Stephen N. Zack |
| Jerry D. Hamilton | Stephen N. Zack |

4

| | |
|---|---|
| Florida Bar No.: 970700 | Florida Bar No. 145215 |
| jhamilton@hamiltonmillerlaw.com | szack@bsfllp.com |
| Carlos J. Chardon | Laselve Harrison |
| Florida Bar No. 517631 | Florida Bar No. 112537 |
| cchardon@hamiltonmillerlaw.com | lharrison@bsfllp.com |
| Michael J. Dono | 100 SE Second Street |
| Florida Bar No. 0576492 | Suite 2800 |
| mdono@hamiltonmillerlaw.com | Miami, Florida 33131 |
| 150 Southeast Second Avenue, | Telephone: (305) 539-8400 |
| Suite 1200 | Facsimile: (305) 539-1307 |
| Miami, Florida 33131 | |
| Telephone: (305) 379-3686 | |
| Facsimile: (305) 379-3690 | |

*Attorneys for Defendant Royal Caribbean Cruises Ltd.*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 22, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Carlos J. Chardon
Carlos J. Chardon

## SERVICE LIST

Jason R. Margulies
Michael A. Winkleman
Jacqueline Garcell
Lipcon, Margulies, Alsina & Winkleman, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204
jmargulies@lipcon.com
jgarcell@lipcon.com
mwinkleman@lipcon.com
*Attorneys for Plaintiffs*