UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-25100-cv-DLG

ALAN WIEGAND and KIMBERLY
SCHULTZ-WIEGAND, Individually
and As Personal
Representatives of the Estate
of Chloe Wiegand, deceased
minor,

Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD.,

Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant Royal Caribbean Cruises Ltd.'s Motion to Dismiss the Complaint for Failure to State a Cause of Action [D.E. 7], Plaintiff's Motion to Compel and Unopposed Motion for Extension of Time to File Response to Defendant's Motion to Dismiss [D.E. 14], Plaintiff's Motion to Strike Unconventional Filing [D.E. 15] and Plaintiff's Unopposed Motion for Leave to File Preliminary Response in Opposition to Defendant's Motion to Dismiss Complaint for Failure to State a Cause of Action in Excess of Page Limitations [D.E. 17].

**THE COURT** has considered the motions, the Responses, pertinent portions of the record, and is otherwise fully advised in the premises.

## I. FACTUAL & PROCEDURAL BACKGROUND

This matter arises from an incident which took place on July 7, 2019 aboard the Defendant's *Freedom of the Seas* ship, resulting in the death of 18-month old Chloe Wiegand. [D.E. 1]. On December 11, 2019 the Plaintiffs filed the instant lawsuit alleging negligence, negligent failure to maintain, and negligent failure to warn by the Defendant [D.E. 1]. On January 8, 2020, the Defendant filed its motion to dismiss for failure to state a claim under Rule 12(b)(6) [D.E. 7], along with an unopposed motion for leave to file video footage [D.E. 8]. On January 15, 2020, the Court granted leave to file the video footage, and Defendant filed it on January 16, 2020 [D.E. 12, 13]. On January 17, 2020, Plaintiffs filed a motion to strike the filing of the video footage, a motion to compel all video footage, and a motion for extension of time to respond to Defendant's motion to dismiss [D.E. 14, 15]. On January 22, 2020, Plaintiff filed a response to defendant's motion to dismiss, and a motion for leave to file their response in excess of the page limitation. [D.E. 17].

## II. DEFENDANT'S MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a) provides that a complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has instructed that a plaintiff must submit "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). Dismissal of a complaint under Rule 12(b)(6) is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citation omitted). For the purpose of the motion to dismiss, the complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true. *Brooks*, 116 F.3d at 1369.

The Court's review of a Rule 12(b)(6) motion is ordinarily limited to the face of the complaint and any attachments thereto. *Id.* at 1368. Rule 12(d) further provides,

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

Defendant's motion to dismiss for failure to state a claim references several extrinsic sources of information, including a surveillance video, a statement made by a nonparty as to a separate criminal matter, and photographs pasted into the body of the Motion itself [D.E. 7]. The extrinsic sources of information referenced and attached to Defendant's motion to dismiss are not incorporated by reference in the complaint [D.E. 1, 7]. Therefore, under Rule 12, the Court may either treat Defendant's motion as one for summary judgment under Rule 56, or exclude the extrinsic evidence from the Court's consideration of the motion to dismiss.

The Court is reluctant to convert Defendant's motion to a motion for summary judgment at such an early stage of litigation. The parties have exchanged very little in terms of discovery and catapulting this case past the discovery phase would require the Plaintiffs to defend the merits of their case prematurely and

4

without the essential evidence. Thus, the Court declines to convert Defendant's motion to dismiss into a motion for summary judgment.

The Court must, therefore, exclude the extrinsic evidence from its consideration. However, photographs and quotes from extraneous sources are pasted into the body of the text, and reference to surveillance footage is woven throughout Defendant's arguments such that the Court is unable to excise them from the motion to dismiss. Because Defendant's motion fails to comply with the Rule 12(b)(6) standard in its treatment of Plaintiffs' factual allegations, the Defendant's motion to dismiss is **DENIED**.

### III. PLAINTIFF'S MOTION TO STRIKE

Defendant filed an unopposed motion for leave to file video footage and included a sworn statement that counsel for both parties discussed the motion on January 8, 2020, and that Plaintiffs "do not oppose the requested relief." [D.E. 8]. However, on January 17, 2020, Plaintiffs filed the instant motion to strike the video footage. In their motion, Plaintiffs argue, first, that the video and commentary on the video contained in Defendant's motion to dismiss should be stricken pursuant to Fed. R. Civ. P. 12(f)(2), and second, the Plaintiffs argue that the video has not been authenticated [D.E. 15].

To the extent that Plaintiff seeks to strike the video and any references thereto from Defendant's motion to dismiss,

Defendant's motion is being denied herein for failure to comply with the Rule 12(b)(6) standard, which limits the court's inquiry to the four corners of the complaint. Further, the Court finds persuasive the argument made by Defendant that Plaintiffs waived any objections to the filing of the video by consenting to it on January 8, 2020, a fact which was considered by the Court when it issued its order granting the motion [D.E. 12]. Plaintiff's motion to strike does not indicate that Plaintiff's counsel was misled or deceived when they consented to the motion for leave to file the video footage [D.E. 15]. Therefore, the issues raised in Plaintiff's motion to strike are moot.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss the Complaint for Failure to State a Cause of Action [D.E. 7] is **DENIED**. Defendant may refile its Motion to Dismiss, limiting its arguments to the four corners of Plaintiff's complaint in accordance with Rule 12(b)(6). It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike [D.E. 15], Plaintiff's Unopposed Motion for Extension of Time to File Response to Defendant's Motion to Dismiss [D.E. 14], and Plaintiff's Unopposed Motion for Leave to File Preliminary Response in Opposition to Defendant's Motion to Dismiss Complaint

for Failure to State a Cause of Action in Excess of Page Limitations [D.E. 17] are **DENIED** as moot.

Defendant is further directed within five (5) days to respond to Plaintiff's assertions that Defendant failed to produce video footage from cameras numbered 102 and 339 [D.E. 23].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of February, 2020.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All counsel of record