UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-25100-cv-DLG

ALAN WIEGAND and KIMBERLY
SCHULTZ-WIEGAND, Individually and as
Personal Representatives of the Estate of
Chloe Wiegand, deceased minor,

       *Plaintiffs*,

v.

ROYAL CARIBBEAN CRUISES LTD.,

       *Defendant*.
_____/

### ROYAL CARIBBEAN CRUISES LTD.'S AMENDED MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION

## <u>TABLE OF CONTENTS</u>

Preliminary Statement.........................................................................................................1

Facts Alleged ....................................................................................................................1

Claims Asserted ................................................................................................................2

Argument and Law ...........................................................................................................4

I.     Standard .........................................................................................................6

II.    The general maritime law of the United States governs this action. .................7

III.   Plaintiffs do not allege facts to support RCL was on notice, either actual or constructive, of any alleged dangerous condition which caused or contributed to the incident, thus warranting dismissal of the Complaint...........................................................................................................7

IV.   The allegations of a violation of industry standards are legally insufficient. .....................................................................................................11

V.    The failure-to-maintain claim (Count II) also fails because there are no facts supporting that the window area was dangerous, much less that RCL had notice of any danger. ........................................................................15

VI.   RCL, as a matter of law, did not have a duty to warn......................................16

VII.  Plaintiffs fail to plead that RCL's actions or inaction was the proximate cause of the incident. ....................................................................19

Conclusion ......................................................................................................................21

## Preliminary Statement

Defendant Royal Caribbean Cruises Ltd. ("RCL"), under Federal Rule of Civil Procedure 12(b)(6) and in compliance with this Court's February 5, 2020 Order (DE28), seeks dismissal of the Complaint (DE1) and states:

Settled law mandates that the Complaint in this case be dismissed with prejudice. The Eleventh Circuit has clearly held that "the benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). There are no facts alleged, nor could there be, which establish that RCL had any reason to be aware that Mr. Anello would behave in the manner he did and imperil Chloe.

## FACTS ALLEGED

The tragedy giving rise to this action resulted from the actions of Chloe Wiegand's grandfather – Salvatore Anello.[1] According to the Complaint, while the *Freedom of the Seas* was docked in Puerto Rico, Mr. Anello began to supervise Chloe, an 18-month old child. (Comp. at ¶¶11-12.) While he was supervising Chloe, she walked to a wall of glass on Deck 11 of the ship. The Complaint describes the glass as having three levels, floor to ceiling, with a wooden railing separating the middle and bottom rows of glass. (Comp. at ¶¶14-15.) As is clear from the photographs included in the Complaint, the wooden railing is several feet above the deck. (Id.) Plaintiffs allege that unbeknownst to Mr. Anello, every other window in the middle row (above

_____

[1] Mr. Anello is Chloe's step-grandfather.

the wooden railing) could slide open, there were no warnings that the windows were not fixed, and that Mr. Anello was unaware that one of the windows was in fact open. (Comp. at ¶¶16-18.) Plaintiffs also assert that Mr. Anello reasonably believed that the windows were fixed with no openings. (Comp. at ¶19.)   Plaintiffs allege that Mr. Anello walked over to Chloe, and then picked Chloe off the deck and onto the elevated railing. (Comp. at ¶15, 20.)   Chloe leaned forward, fell through the open window to the ground 150 feet below, and died. (Comp. at ¶20.) The Complaint makes clear that Chloe "slipped from Mr. Anello's arms" before she fell. (Comp. at ¶20.)

The Complaint alleges, without any specificity, that these types of accidents are "quite common" and that as a result industry standards were put in place to prevent this "very type of incident". (Comp. at ¶22.)   The Complaint fails to allege any specific prior incident, but does seek to allege proof of industry standards that the Plaintiffs claim govern the windows on board the *Freedom of the Seas*: the ASTM (Comp. at ¶¶23-27); other cruise lines' vessels (Comp. at ¶¶28-31); and, other vessels owned by RCL (Comp. at ¶¶32-33).   The Complaint alleges that RCL knew or should have known of these standards, but that the *Freedom of the Seas* was not in compliance with them. (Comp. at ¶¶27, 31, 33.)

## CLAIMS ASSERTED

All of the claims asserted by the Plaintiffs are centered upon one or both of two central theories: (1) that there was something defective about the window because a child could fall through it, or (2) that RCL had a duty to warn Mr. Anello that the window was open.

Count I seeks to allege a claim for General Negligence.   According to the Complaint, RCL breached a duty of reasonable care to Plaintiffs in two ways.   First, by failing to provide a safe window which would have prevented Chloe from falling through it. (Comp. at ¶¶35.a., d.-g.,

i., and j.)  Second, by failing to provide warnings which would have alerted Mr. Anello that the window was open. (Comp. at ¶¶35.b., c., g., and h.)  RCL is alleged to have been on notice of the dangerous condition of the window due to its own knowledge of the ability of the window to open as designed (Comp. at ¶¶16, 37), prior incidents (not a single one of which is alleged), or industry standards. (Comp. at ¶37.)

Count II attempts to plead a cause of action entitled Negligent Failure to Maintain.  The allegations however, merely supplement the general negligence theory sought to be alleged in Count I.  According to the Plaintiffs, RCL breached a duty to maintain the windows on Deck 11 in a reasonably safe condition (Comp. at ¶39-40), by failing to provide a safe window which would have prevented Chloe from falling through it (Comp. at ¶¶41.a., c.-e.), and/or by failing to provide warnings which would have alerted Mr. Anello that the window was open. (Comp. at ¶¶41.a., b., d., e.)

Similarly, Count III expands upon the same allegations of Count I in seeking to allege a cause of action for Negligent Failure to Warn.  According to Plaintiffs, RCL breached its duty to warn passengers of dangers that were known or reasonably should have been known to RCL. (Comp. at ¶¶45-46.)  The Plaintiffs allege that the windows were unreasonably dangerous because they could be opened by anyone; they did not have a fall prevention system; and, because they did not have features to permit passengers to distinguish whether or not they were open. (Comp. at ¶50.)  RCL is alleged to have been on notice of the dangerous condition of the window through either its own knowledge of the ability of the window to open as designed (Comp. at ¶¶16, 51), prior incidents (not a single one of which is alleged), or industry standards. (Comp. at ¶51.)  According to the Plaintiffs, RCL breached a duty to warn Mr. Anello that the

window could be opened and a child could fall through it, and/or that the window did not have a fall prevention system in place. (Comp. at ¶48.)

All three counts contain general averments that RCL's actions or inactions proximately caused damages to Plaintiffs. (Comp. at ¶¶38, 44, 52.)

## ARGUMENT AND LAW

The facts set forth in the Complaint make clear that this is not a case of an unknowing child approaching an open window and falling out because the window was defective or improperly positioned.  Rather, this is a case where an adult man, Salvatore Anello, voluntarily and unbeknownst to RCL, lifted his 18-month old granddaughter several feet above the deck and onto a railing that she could never have climbed on her own.  In doing so, Mr. Anello placed Chloe mere inches away from a window that was open to the outside elements of wind and noise and, as the photographs in the Complaint show, was flanked by closed windows of tinted, reflective glass.  Mr. Anello then purportedly held Chloe forward to allow her to bang on glass that he did not first attempt to touch himself.  After doing so, Mr. Anello allowed Chloe to slip from his arms to her death.

These series of unforeseeable events are a tragedy which RCL never had a chance to prevent.  Whether Chloe fell several feet to the Deck 11, or over a hundred feet to her death, her fall would never have occurred had Mr. Anello not picked her up and placed her in peril, and then dropped her.  The Court should dismiss Plaintiffs' Complaint because:

1.  No facts are alleged that would show RCL knew or had reason to know there was any dangerous condition that would result in Chloe's death;

2.  RCL owed no duty to warn Plaintiffs of the open and obvious danger associated with putting a child onto a railing and through an open window; and,

3.      Plaintiffs fail to sufficiently allege that any of RCL's purported acts or omissions was the proximate cause of the incident or that they owed a duty to prevent the unforeseeable and irresponsible acts of Chloe's grandfather.

## I.      Standard.

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted.  Dismissal for failure to state a claim is warranted "when it appears that the plaintiff has little or no chance of success, i.e., when the complaint on its face makes clearly baseless allegations or relies on legal theories that are indisputably meritless." *Aruanno v. Martin County Sheriff*, 343 F. App'x 535, 536 (11th Cir. 2009); *see Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007).  For a claim to survive, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2). "While a complaint . . . does not need detailed factual allegations" to survive a motion to dismiss, *Twombly*, 127 S. Ct. at 1964, it must state facts sufficient "to state a claim to relief that is plausible on its face." *Id*. at 1974.  Under *Twombly* and *Iqbal*, a sufficient factual basis for the allegation must be alleged.  A complaint is insufficient if "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678.  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*.  The factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965.

The purpose of a motion to dismiss is to "streamline litigation by dispensing with needless discovery and fact-finding." *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989).  "As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal." *Ray v. Spirit Airlines, Inc.*, No. 12–61528, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (citing

*Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1368 (11th Cir. 1997)).  Here, the failings of the Plaintiffs' Complaint and applicable law require dismissal.

## II.  The general maritime law of the United States governs this action.

When an injury occurs on navigable waters, federal maritime law governs the substantive legal issues. *See Everett v. Carnival Cruise Lines, Inc.*, 912 F.2d 1355, 1358 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir. 1989); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984).  Maritime law governs passenger suits against cruise lines and exclusively sets substantive liability standards, superseding state substantive liability standards. *See Keefe,* 867 F.2d 1318; *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959).  Because this incident occurred while Chloe was a passenger aboard RCL's cruise vessel, general maritime law must be applied.

## III.  Plaintiffs do not allege facts to support RCL was on notice, either actual or constructive, of any alleged dangerous condition which caused or contributed to the incident, thus warranting dismissal of the Complaint.

To adequately plead any of its three causes of action, the Plaintiffs must plead "sufficient factual matter", *Iqbal*, 556 U.S. at 678, to raise the allegations beyond "the speculative level." *Twombly*, 127 S. Ct. at 1965.  Thus, facts must be plead beyond mere generalities to show that RCL breached the standard of care.  In this case, the applicable standard of reasonable care requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition. *Keefe*, 867 F.2d at 1322.  Generalized knowledge of a danger is not enough to meet this notice prerequisite. *See Burdeaux v. Royal Caribbean Cruises, Ltd.*, 562 F. App'x 932, 933 (11th Cir. 2014); *Amy v. Carnival Corp.*, 360 F. Supp. 3d 1345, 1354 (S.D. Fla. 2018) ("[t]hat passengers can become injured as a general proposition is not the specific notice required under Eleventh Circuit law").

The Complaint fails to plead notice because it does not articulate what facts give RCL actual or constructive notice about any dangerous condition associated with the open window. (Comp. at ¶ 37).  Here, the danger was not that a person could fall through an open window – the danger was that an adult would raise an 18-month old child several feet above the deck and beyond a wooden railing, and drop her through an open window.  The Complaint fails to raise a single allegation that RCL should have known that such behavior would occur, or that it has ever occurred.  This failure to articulate clear facts supporting the claim warrants dismissal. *See, e.g., Rygula v. NCL (Bah.) Ltd.*, No. 18-24535, 2019 U.S. Dist. LEXIS 147586, at *7 (S.D. Fla. Aug. 28, 2019) (dismissing negligence claim for failure to allege facts supporting actual or constructive notice where the plaintiff alleged injuries after jumping into a pool he claimed was not adequately covered or secured and in an area were dim lighting prevented him from observing it was mostly drained of water); *Sanchez v. Carnival Corp.*, No. 19-cv-20668, 2019 U.S. Dist. LEXIS 66469, at *3 (S.D. Fla. Apr. 17, 2019) (dismissing negligence claims after finding that "Plaintiff does not allege any facts to support that Carnival knew or should have known the spiral staircase on which Sanchez was injured was a hazard, and if so, how long it knew."); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332 (S.D. Fla. 2016) ("Simply stating that Carnival had knowledge of a dangerous condition, without identifying the dangerous condition, and/or pleading how Carnival had knowledge of the condition, is insufficient."); *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1351 (S.D. Fla. 2016) (dismissing negligence claim where complaint "contain[ed] no facts supporting the inference that [the cruise line] knew or should have known the [excursion] was unsafe").

The Eleventh Circuit has identified two alternative ways in which a maritime plaintiff can establish constructive notice sufficient to trigger a duty to warn: (1) "with evidence that the

defective condition exist[ed] for a sufficient period of time to invite corrective measures,…and (2) with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident…". *Francis v. MSC Cruises, S.A.*, No. 18-61463-CIV-BSS, 2019 U.S. Dist. LEXIS 151255, at *7 (S.D. Fla. Sep. 5, 2019) (internal citations omitted).  There are no allegations in the Complaint to adequately plead either method of establishing constructive notice.

Recently, the court in *Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773, 2019 U.S. Dist. LEXIS 199362 (S.D. Fla. Nov. 14, 2019), dismissed a passenger complaint for failure to sufficiently allege RCL had actual or constructive notice of the alleged dangerous condition.  In his complaint, the plaintiff-passenger claimed that while on a Mayan ruins shore excursion, the bus he was traveling on struck a road hazard that flung him into the air causing him serious injury. *Id.* at *5-6.  The *Zhang* complaint asserted more specific allegations as to RCL's notice yet it could still not survive dismissal:

> In the face of Royal Caribbean's motion to dismiss, Zhang insists he has "unquestionably supported" his claims with sufficient facts. (Pl.'s Resp. to Royal Caribbean's Mot. at 7.) In furtherance of his argument, he points to (1) a list of ten bus accidents that have occurred during Royal Caribbean excursions over the last ten years; (2) Royal Caribbean's initial approval and yearly inspections of the Excursion Operators; and (3) Zhang's allegation that the excursion was "unreasonably dangerous" based on the "dangerous operation of the bus at high speeds in light of the road conditions," "the inadequate supervision of the bus operations," and Royal Caribbean's lack of knowledge regarding the identity and qualifications of the operator of the bus. (*Id.* at 7-8 (quoting Compl. at ¶¶ 29-30, 59, 66-67).) None of these allegations, however, either separately or together, amount to actual facts that would plausibly show that Royal Caribbean knew or had reason to know that the bus Zhang rode in would be driven over a pothole in such a way that would result in injury.

*Id.* at *11-12.

9

Here, Plaintiffs list no prior substantially similar incident or problems that would have placed RCL on notice of any dangerous condition associated with the open window on Deck 11. *See Zhang* at *12 ("the ten accidents Zhang lists have no apparent connection to the incident that resulted in Zhang's injuries" and "'there is no explanation as to *how* these incidents put [RCL] on notice.'") (emphasis in original and citation omitted).   Plaintiffs fail to identify a single specific incident.   Rather, only vague reference to "prior incidents" is contained in the Complaint with absolutely no expansion. (Comp. at ¶37.)   Plaintiffs fail to identify a single similar incident aboard an RCL ship where a young child was lifted up by an adult and dropped outside of an open window.   They fail to identify a single incident where any child has fallen or been dropped out a similar window.   In fact, Plaintiffs fail to identify a single incident where anyone has ever fallen or been dropped out of a similar window such to put RCL on notice the subject window constituted an unreasonable dangerous condition that it needed to protect its passengers from. Plaintiffs' generalized allegations regarding falls from windows (albeit completely untethered from RCL or the cruise line industry in general) (Comp. ¶23), are insufficient to satisfy the Eleventh Circuit's requirement that a plaintiff identify the existence of "substantially similar" incidents to establish notice. *Tairriol v. MSC Crociere S.A.*, 677 F. App'x 599, 601 (11th Cir. 2017).

Further, Plaintiffs implicitly acknowledge their obligation to demonstrate notice of the allegedly unsafe condition (Comp. at ¶ 37), but they do not do not explain how RCL would have acquired knowledge of the alleged dangerous condition.   They merely make bare assertions such as "through [their] maintenance and/or inspections" (Comp. at ¶37), RCL should have known. But such allegations are legally insufficient. *Zhang*, at *13 ("Zhang does not explain how any of Royal Caribbean's alleged inspections of the Excursion Operators could have possibly alerted it

to the dangerous condition that ultimately resulted in Zhang's injuries.  What was it about these inspections that should have put Royal Caribbean on notice?").

IV.     **The allegations of a violation of industry standards are legally insufficient.**

The Plaintiffs alternate theory – that in the absence of any prior incidents, RCL was on notice of a dangerous condition, or had an obligation to comply with alleged "industry standards", is legally insufficient under Eleventh Circuit law.  "[N]on-compliance with certain industry standards does not necessarily show that the non-compliance amounted to a dangerous or unreasonably risky condition." *Howard-Bunch v. Carnival Corp.*, No. 18-cv-21867, 2019 U.S. Dist. LEXIS 35024, at *17 (S.D. Fla. Mar. 3, 2019); *Amy*, 360 F. Supp. 3d at 1356 (holding that "non-binding industry standards do not establish actual or constructive knowledge of a risk-creating condition.") (citing *Mirza v. Holland Am. Line Inc.,* No. C11-1971MJP, 2012 WL 5449682, at *3-4 (W.D. Wash. Nov. 6, 2012)).   In *Howard-Bunch*, the plaintiff alleged she suffered injuries after she tripped and fell over a raised threshold. *Id.* at *1.  She alleged the threshold violated various building codes and industry standards and that the failure placed the cruise operator on notice. *Id* at *15-16.  The court, however, found that "[w]ithout any additional evidence of a cruise line's knowledge of the dangerous condition at issue," lack of compliance with "relevant standards and maritime regulations" cannot satisfy the constructive notice requirement." *Id.* at *16 (citing *Zygarlowski v. Royal Caribbean Cruises Ltd.*, 2013 U.S. Dist. LEXIS 200119, at *6 (S.D. Fla. Feb. 25, 2013)).

In *Zygarlowski,* a cruise passenger alleged the cruise operator was placed on notice that a ramp was dangerous because the slope exceeded various recommendations and standards, including those promulgated by the ASTM. *See Zygarlowski,* 2013 U.S. Dist. LEXIS 200119, at *14.  But the court found that violation of ASTM and other standards "does not, as a matter of

law, establish that Royal Caribbean had actual or constructive notice of an unreasonably dangerous condition." *Id.*  The court recognized that "at most, [] Royal Caribbean had notice that the ramp did not comply with the guidelines," but added that "[t]his, however, is not equivalent to having notice of the *danger* that the ramp allegedly created for cruise passengers like Zygarlowski." *Id* at *14-15.[2]

In *Amy v. Carnival Corp.*, where a three-year-old girl sustained serious injuries after either going over a railing or going through its lower courses, the court noted that "noncompliance with '*recommended safety standards*' does not, as a matter of law, establish that the cruise line had constructive notice of the unreasonable danger posed by its condition. *See Amy,* 360 F. Supp. 3d at 1356, citing *Zygarlowski,* 2013 U.S. Dist. LEXIS 200119, at *6.  The *Amy* plaintiffs claimed that Carnival violated safety standards applicable to the subject railing (unlike Chloe here, who did nothing to position herself over the railing and into the open window frame, the young girl in *Amy* was able to access the railing without any assistance). *Id.* Nevertheless, the *Amy* court explained that "a rule that any non-binding industry standard that exists somewhere necessarily gives rise to constructive notice would turn the maritime notice requirement on its head." *Id.*

While Plaintiffs contend that ASTM F2006 and 2090 apply here (Comp. at ¶¶ 26-27), they fail to explain why these guidelines would be relevant to this situation beyond the naked assertion.   Similarly, Plaintiffs provide no support for their allegation that the guidelines represent an industry standard nor do they cite any facts to support such a postion.  They cannot

---

[2] Contrast with decisions where courts considered industry standards but only where the record also established prior similar incidents. *See e.g. Cox v. Royal Caribbean Cruises, Ltd.*, 10-22232-CIV, 2011 WL 13323086  (S.D. Fla. Aug. 8, 2011) and *Holderbaum v. Carnival Corp.*, 87 F. Supp. 3d 1345, 1356 (S.D. Fla. 2015).  Neither court found that violation of industry standards established notice.

do so because, by their own terms, the guidelines only apply to windows in multi-family residential dwellings. ASTM F2006 states: "This safety specification applies *only* to devices intended to be applied to windows installed at heights of more than 75 ft7 (23 m) above ground level in *multiple family dwelling buildings*." *See* § 1.3 *ASTM F2006-17, Standard Safety Specification for Window Fall Prevention Devices for Non-Emergency Escape (Egress) and Rescue (Ingress) Windows, ASTM International* (2017) (emphasis added). Moreover, Plaintiffs do not allege that the ASTM standards were designed to help adults discern when windows are open or to prevent them from lifting children onto them, or even that they were designed for the protection of falls from open windows that children cannot access on their own (the Complaint establishes that Chloe could have never gotten anywhere near the open window had Mr. Anello not intentionally placed her there). Thus, the ASTM standards do not apply here and cannot be considered "industry standard" in the cruise industry. Even if they did, the Plaintiffs still fail to allege that RCL was on notice that the window created an unreasonably dangerous condition.

Likewise, Plaintiffs provide no justification for the proposition that somehow the company's compliance with the International Safety Management ("ISM") Code is relevant in this context. Plaintiffs fail to assert a claim that the company is in violation of either the ISM or the company's own policies under the ISM other than a vague assertion. In any event, a shipowner's adoption of the ISM Code cannot act to form a duty nor could it serve as the basis of a negligence claim. *See e.g. Horton v. Maersk Line, Ltd.*, 603 F. App'x 791, 796-97 (11th Cir. 2015) (citing *Aronson v. Celebrity Cruises*, Inc., 30 F. Supp. 3d 1379, 1396 (S.D. Fla. 2014) ("[T]he International Safety Management Code does not create any duties and thus cannot be the basis for a negligence claim against a cruise line.")); *Shipton v. Carnival Corp.*, No. 18-25378-CIV, 2019 U.S. Dist. LEXIS 28573, at *3 (S.D. Fla. Feb. 20, 2019) ("the ISM[C] cannot form

the basis for a separate negligence claim nor be a part of a negligence claim.").[3]  Plaintiffs'
references to other window configurations on other cruise ships (Comp. at ¶¶ 28-33), are
similarly insufficient to establish notice. *See Sofillas v. Carnival Corp*., No. 14-23920-CIV-
SCOLA/OTAZO-REYES, 2016 WL 5408168, at *2 (S.D. Fla. Apr. 13, 2016) ("direct evidence
relating to how other cruise lines operate the hot tubs on their ships is not relevant to the issue of
Carnival's alleged negligence").

   *Amy* is instructive, and in fact, cited *Sofillas* for the same proposition.  In *Amy,* where a
child may have fallen after passing through the lower courses of a railing (*supra*), the plaintiffs
alleged that a safer rail design implemented by another cruise line placed Carnival on
constructive notice that Carnival's railings were unsafe. *Amy,* 360 F. Supp. 3d at 1356-57, citing
*Sofillas,* 2016 WL 5408168, at *2.  Even though the same ship builder constructed the railings
for both cruise lines, the *Amy* court found that their "alternative rail designs . . . [were] irrelevant
to Carnival's notice of the alleged danger of [their ships railings and open courses]."  The court
further noted that the builder's knowledge about the alternative design *could not* be imputed on
to Carnival and that, even if it could be, Carnival was not obligated to adopt the other cruise
line's design where "no risk had manifested itself to show the railing to be a particularly
dangerous condition." *Id.* (citation omitted).  Plaintiffs here have not, and cannot allege facts
supporting a violation of a "binding standard" or facts supporting a risk had previously
manifested to show the window area to be dangerous.  To the extent the Complaint can be read
to allege that RCL created the claimed dangerous condition, it fails to remedy the absence of

---

[3] Under the ISM Code, each ship carrier must develop its own Safety Management System
(SMS) which must be approved by the flag state.  RCL has a Safety Management System which
has been approved by the flag state.  The complaint does not allege otherwise nor does it allege
in what manner RCL is not in compliance with its SMS.  The full text of the ISM is available at
the International Maritime Organization's ("IMO") website at www.imo.org.

pleading prior notice. *See Pizzino v. NCL (Bahamas) Ltd.*, 709 F. App'x 563, 565 (11th Cir. 2017).

The bare allegations contained throughout the Complaint are insufficient to impute any knowledge of the window being dangerous (especially, given that RCL had no reason to be aware that Mr. Anello would place Chloe in a position of peril and then allow her to slip from his grasp). This is not a case where the window was dangerously low to a floor, or articles were stacked that permitted a child to climb up to the window. What occurred here – an adult holding an 18-month old child several feet above the deck and beyond a wooden railing, into an open window – was not foreseeable to RCL. None of the allegations, either separately or together, amount to actual facts that would plausibly show RCL knew or had reason to know the window was dangerous.

## V. The failure-to-maintain claim (Count II) also fails because there are no facts supporting that the window area was dangerous, much less that RCL had notice of any danger.

Count II is in all respects merely an extension of the allegations contained in Count I, and it is governed by the same notice requirement that warrants dismissal of Count I. The Plaintiffs efforts to allege a negligent maintenance claim in Count II fail because insufficient (no) facts are alleged to establish that RCL had actual or constructive notice of any unsafe condition calling for maintenance. *See Horne v. Carnival Corp.*, 741 F. App'x 607, 609 (11th Cir. 2018) (requiring notice regarding a failure-to-maintain claim asserted by a passenger against a cruise line); *see generally Pizzino*, 709 F. App'x 563 (rejecting the notion that a cruise line operator could be liable for negligence without actual or constructive notice even if it negligently created or maintained its premises). RCL's liability for the negligence claims, under whatever negligence theory alleged by Plaintiffs in their Complaint, hinges on whether it knew or should have known

about the dangerous condition.  For the same reasons presented and analyzed *supra*, Plaintiffs have failed to allege a single fact from which the Court might infer RCL either knew or should have known of any dangerous condition relating to the window.

**VI.    RCL, as a matter of law, did not have a duty to warn.**

In Count III Plaintiffs allege RCL was negligent in failing to warn that the window was or could be open.  But RCL owes no duty to warn of open and obvious conditions.  First, RCL had not duty to warn an adult not to place a small child in danger.  The act perpetrated by Mr. Anello – lifting an 18-month old child several feet above the deck and then dropping her – is dangerous whether the fall is several feet to the deck below or hundreds of feet.  Either way, the act performed by Mr. Anello is one that requires no warning not to engage in.  Second, the window was in an open and obvious condition.  As a matter of law, RCL had no legal obligation to warn passengers that engaging in the reckless act of placing a toddler in front of an open window could result in the toddler falling out of said window.

The standard of care owed by a shipowner to its passengers is reasonable care under the circumstances.  *See Kermarec*, 79 S. Ct. at 410.  A shipowner is not an insurer of its passenger's safety, and as such, is not liable merely because an accident occurs. *See Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988).  A carrier's duty of reasonable care includes a duty to warn passengers of known dangers that may not be apparent to a reasonable passenger— a shipowner has no duty to warn of an open and obvious condition. *See Krug v. Celebrity Cruises, Inc.*, 745 F. App'x 863, 866 (11th Cir. 2018), *N.V. Stoomvaart Maatschappij Nederland v. Throner*, 345 F.2d 472 (5th Cir. 1965); *Luby v. Carnival Cruises, Inc.*, 633 F. Supp. 40 (S.D. Fla. 1986) (presence of a ledge behind a shower curtain open and obvious condition).

There are two points here, either of which independently forecloses Plaintiffs action. First, it is dangerous to lift an 18-month old child several feet above the ground and balance her on a rail while also not holding on with a firm enough grip to ensure she cannot fall.  Neither of those should be done, and neither requires a warning – responsible adults know not to place children into precarious positions whether several feet above the ground or higher.  Second, common experience dictates that a person can fall through any open window, regardless of design, if they lean out too far, because a window is a purposeful opening in a structure for light and air.[4]  This is not a dangerous condition but an apparent and obvious feature of any window. As the cited case law supports, a shipowner is entitled to assume that a passenger will perceive that which would be obvious to him upon the ordinary use of his own senses. *See Smith v. Royal Caribbean Cruises, Ltd.* 620 F. App'x 727, 730 (11th Cir. 2015) (finding that the noticeably murky color of pool water was not a condition that the cruise line needed to warn passengers of because a "reasonable person…would be aware of [it]").  Because of that entitlement, there is no duty to give any warning in broad daylight of the presence of an open window that is flanked by darkly tinted windows on both sides, because reasonable people are aware of such obvious conditions. *See Magazine v. Royal Caribbean Cruises, Ltd.*, No. 12-23431, 2014 WL 1274130 at *4 (S.D. Fla. Mar. 27, 2014).  Because the duty to warn extends only to those dangers that are not apparent and obvious to a passenger, Plaintiffs have failed to state a claim for failure to warn.

Courts have rejected similar claims outright and held that open windows or glass doors constitute open and obvious conditions against which no liability can attach. *See Pettigrew v*

---

[4] Plaintiff's negligent design theory fails. *See e.g. Groves v. Royal Caribbean Cruises, Ltd.*, 09-20800-CIV, 2010 WL 11506631, at *2 (S.D. Fla. Dec. 8, 2010), *aff'd,* 463 F. App'x 837 (11th Cir. 2012) (rejecting negligent design claim where the plaintiff failed to establish that RCL actually created the alleged dangerous design); *Rodgers v. Costa Crociere, S.P.A.*, 410 F. App'x 210 (11th Cir. 2010); *Weiner v. Carnival Cruise Lines*, No. 11-CV-22516, 2012 WL 5199604, at *5 (S.D. Fla. Oct. 22, 2012).

*Nite-Cap, Inc*., 63 So. 2d 492 (Fla. 1953) (rejecting the plaintiff's claim of negligence where she walked into a plate glass door and concluding that "the sole proximate cause of [the plaintiff's] injury was her failure to see that which, by the exercise of reasonable care, she should have seen."); *Rodriguez v. U.S.*, 993 F.2d 884 (9th Cir. 1993) ("We agree with the district court that Republic owed Genaro no duty to warn him of the obvious danger posed by an open window nor to alter the window by installing safety bars or screens.").  Moreover, in this District it has been held, as a matter of law, that "it is open and obvious that a child could be injured by playing on a railing." *Amy*, 360 F. Supp. 3d at 1357; *compare* (Comp. ¶20) (alleging "Mr. Anello then lifted Chloe up onto the railing and held Chloe while she leaned forward to bang on the glass . . .").

The Plaintiffs allege that Mr. Anello is colorblind (Comp. at ¶50), but this condition would not give rise to a duty to warn that the window was open.  The Eleventh Circuit has explained that the "[t]he obviousness of a danger and adequacy of a warning are determined by a 'reasonable person' standard, rather than on each particular plaintiff's subjective appreciation of the danger.  Individual subjective perceptions of the injured party are irrelevant in the determination of whether a duty to warn existed." *Magazine*, at *4 (citations omitted).  A shipowner is entitled to assume that caregivers will take precautions to supervise their children and prevent them from falling out windows (especially windows their children cannot reach without an adult lifting them onto it).  A holding otherwise would overturn firmly established case law that a "carrier by sea, however, is not liable to passengers as an insurer, but only for its negligence…" *Kornberg*, 741 F.2d at 1334 (citation omitted).

Again, even had Plaintiffs alleged a duty to warn, they have alleged no facts supporting RCL knew of any prior accidents, incidents or complaints regarding the window that would have placed it on notice of any dangerous condition, and the condition was open and obvious. *See*

*Smith,* 620 F. App'x at 730 (courts "need not even reach the defendant's actual or constructive notice of a risk-creating condition if they determine that condition was an open and obvious danger.").

**VII.   Plaintiffs fail to plead that RCL's actions or inaction was the proximate cause of the incident.**

Plaintiffs' allegations on causation are conclusory and plead no facts explaining how or why RCL's purported breaches led to the injury. (Comp. at ¶¶36, 42, and 49.)  Plaintiffs fail to tie their factual allegations to the legal claims.  Foreseeability can be resolved on a motion to dismiss where the complaint fails to plead facts establishing that the defendant should have been aware, based on prior incidents, of possible future harm. *See Bello v. Johnson*, 442 F. App'x 477, 480 (11th Cir. 2011) (affirming dismissal of complaint where plaintiffs failed to adequately allege the harm they suffered was foreseeable); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, n.6 (S.D. Fla. 2015).

The lack of foreseeability is dispositive in this case.  A shipowner owes no duty to prevent unforeseeable incidents.  To impose a duty of care on a shipowner, an incident must be reasonably foreseeable, not just theoretically foreseeable.  Accordingly, a court's determination of foreseeability supports a duty only to the extent foreseeability is reasonable, to bring imposition of duty in line with practical conduct. *See generally Francis v. MSC Cruises, S.A.*, No. 18-61463-CIV-BSS, 2019 U.S. Dist. LEXIS 151255, at *9 (S.D. Fla. Sep. 5, 2019) (general foreseeability theory of liability has been rejected because it would convert a shipowner into an insurer of passenger safety).  Here, the lack of reasonable foreseeability is dispositive because RCL had no duty to protect against risks caused by irresponsible caregivers.

Because Mr. Anello's conduct was not foreseeable, this tragedy was not foreseeable. RCL had no duty to protect Chloe against Mr. Anello's conduct. *See Monteleone,* 838 F.2d at 65

(shipowner not an insurer of passenger safety and does not become liable merely because an accident occurs).  This is because RCL does not have a duty to protect against unforeseeable acts committed by a third-party. *See H.S. v. Carnival Corp.*, 16-20331-CIV, 2016 WL 6583693, at *3 (S.D. Fla. Nov. 4, 2016) ("where an intervening criminal act is the cause of a plaintiff's injury, carriers may only be liable in negligence where the intervening criminal act was foreseeable"), *aff'd sub nom. H.S. by & through R.S. v. Carnival Corp.*, 727 F. App'x 1003 (11th Cir. 2018). The threshold issue of determining whether a defendant owes this duty turns on whether the defendant had reason to anticipate that the third-party activity would occur on its premises. *Knight v. Philips South Beach, LLC*, NO. 09-20473, 2010 WL 11601873 at *4-5 (S.D. Fla. Nov. 4 2010).  Absent similar past conduct, the law will not deem a third-party's act to be foreseeable to the defendant. *Id.*  Indeed, in *H.S. by & through R.S. v. Carnival Corp.*, the Eleventh Circuit affirmed the dismissal of the plaintiff's negligence claim on the grounds that the plaintiff failed to allege that the intervening act by a fellow passenger, which caused the plaintiff's injury, was reasonably foreseeable to the defendant cruise line in the absence of any prior similar incidents. *See H.S. by & through R.S. v. Carnival Corp.*, 727 F. App'x at 1006 (affirming dismissal of negligence claim where the injury causing act of a fellow passenger was held unforeseeable as a matter of law at the motion to dismiss stage).

Here, Deck 11 of RCL's cruise ship contained an open window located several feet above the deck and beyond a wooden railing.  It was unforeseeable to RCL that an 18-month old child's grandfather would engage in the reckless act of hoisting her several feet above the safety of the deck, over a railing, into an open window, and then loose grip of her, causing her to fall.  Mr. Anello's inexplicable conduct was in no way an occurrence that RCL could predict or foresee. Indeed, Plaintiffs fail to allege the existence of a single prior occurrence where a passenger held

another family member into an open window and dropped them.   As such, Mr. Anello's wrongdoing was unforeseeable as a matter of law.

## CONCLUSION

WHEREFORE, RCL respectfully requests this Court dismiss the Complaint with prejudice.

Dated:  February 12, 2020

Respectfully submitted,

**HAMILTON, MILLER & BIRTHISEL, LLP**

/s/ Jerry D. Hamilton
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Carlos J. Chardon
Florida Bar No. 517631
cchardon@hamiltonmillerlaw.com
150 Southeast Second Avenue,
Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690

**BOIES SCHILLER FLEXNER LLP**

/s/ Stephen N. Zack
Stephen N. Zack
Florida Bar No. 145215
szack@bsfllp.com
Laselve Harrison
Florida Bar No. 112537
lharrison@bsfllp.com
100 SE Second Street
Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Defendant Royal Caribbean Cruises Ltd.*