**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No. 19-CV-25100-DLG

ALAN WIEGAND and KIMBERLY SCHULTZ-WIEGAND, Individually and as Personal Representatives of the Estate of Chloe Wiegand, deceased minor,

Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD.,

Defendant.
_____/

**ORDER**

**THIS CAUSE** comes before the Court upon Plaintiffs' Motions for Sanctions [D.E. 191, 201].

**THE COURT** has reviewed the Motions, pertinent portions of the record, and is otherwise fully advised in the premises.

**I.   BACKGROUND**

On or about July 7, 2019, an eighteen-month-old girl ("Decedent"), fell from the arms of her grandfather ("Mr. Anello"), and through an open window on a vessel owned by Royal Caribbean Cruises Ltd. ("Defendant") [D.E. 1]. The Decedent fell 150 feet to the pier below, resulting in her death [D.E. 1]. On December 11, 2019, the mother and father of the Decedent ("Plaintiffs"), filed the instant action against the Defendant, alleging negligence [D.E. 1]. On July 13, 2021, the Court issued an Order granting

1

summary judgment as to all counts of Plaintiffs' Complaint [D.E. 233]. However, prior to the entry of that Order, the Plaintiffs filed two Motions for Sanctions, which are the subject of this Order [D.E. 191, 201].

Plaintiffs' first Motion for Sanctions involves the CCTV footage showing the location where the incident occurred. Plaintiffs argue that they requested 12 hours of CCTV footage leading up to the time of the incident. Despite this request, Plaintiffs argue Defendant preserved only 30 minutes of CCTV footage leading up to the incident, and knowingly and intentionally destroyed the remainder of the footage. In their second Motion for Sanctions, Plaintiffs argue Defendant failed to produce certain documents indicating that Defendant utilized ASTM standards to inspect the waterslides aboard some of their vessels. Plaintiffs argue Defendants should be subject to sanctions based on the spoiliation of evidence and withholding discovery materials.

## II. LEGAL STANDARD

### a. Spoiliation of Evidence

"[S]poliation is defined as the 'destruction' of evidence or the 'significant and meaningful alteration of a document or instrument.'" Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341 F.3d 1292, 1308 (11th Cir. 2003) (citing Aldrich v. Roche Biomedical Labs., Inc., 737 So.2d 1124, 1125

2

(Fla.Dist.Ct.App.1999). "A district court possesses broad discretion in deciding whether to impose sanctions for the spoliation of evidence." Romero v. Regions Fin. Corp./Regions Bank, No. 18-22126-CV, 2019 WL 2866498, at *3 (S.D. Fla. July 3, 2019)(citing Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005)), appeal dismissed sub nom. Romero v. Regions Fin. Corp. / Regions Bank, No. 19-13396-GG, 2020 WL 5241231 (11th Cir. Mar. 3, 2020). Further, a "district court's power to sanction a party for spoliation of evidence derives from two sources: (1) the Federal Rules of Civil Procedure and (2) the court's inherent power to control the judicial process and litigation." Sosa v. Carnival Corp., No. 18-20957-CIV, 2018 WL 6335178, at *8 (S.D. Fla. Dec. 4, 2018) (comparing the court's power to impose sanctions for spoliation pursuant to See Fed. R. Civ. P. 37(e) with its inherent power as set forth in Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005)).

Flury Multi-Factor Test

The Eleventh Circuit, in *Flury v. Daimler Chrysler Corporation,* identified four factors relevant to the Court's inquiry on a motion for spoliation sanctions: "(1) whether the party seeking sanctions was prejudiced as a result of the destruction of evidence and whether any prejudice could be cured, (2) the practical importance of the evidence, (3) whether the spoliating party acted in bad faith, and (4) the potential for

3

abuse if sanctions are not imposed." Tesoriero v. Carnival Corp., 965 F.3d 1170, 1184 (11th Cir. 2020), cert. denied, 209 L. Ed. 2d 549 (Apr. 19, 2021) (citing ML Healthcare Servs., LLC v. Publix Super Mkts., Inc., 881 F.3d 1293, 1307 (11th Cir. 2018); Flury v. Daimler Chrysler Corp., 427 F.3d 939, 943 (11th Cir. 2005)).

Federal Rule of Civil Procedure 37(e)

In December 2015, Federal Rule of Civil Procedure 37 was amended to include a subsection addressing electronically stored information. It reads,

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;

4

>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>> 
>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

Plaintiffs, in their Motion, cite both *Flury* and Rule 37(e). District courts within the Eleventh Circuit differ in their interpretation of Rule 37(e), and whether it precludes a district court from imposing sanctions based on the *Flury* factors. Compare Romero, 2019 WL 2866498, at *4 (holding, Rule 37 provides the "exclusive avenue to sanction a party based on spoliation allegations related to ESI") to Butzer as Next of Friend C.W. v. Corecivic, Inc, No. 5:17-CV-360-OC-30PRL, 2018 WL 7144285, at *2 (M.D. Fla. Sept. 12, 2018)(analyzing a motion for sanctions under both the "multi-factor test relied upon in *Flury* [and] the standards of Rule 37(e)"); ROW Equip., Inc. v. Terex USA, LLC, No. 5:16-CV-60, 2019 WL 6698142, at *8 (S.D. Ga. Dec. 6, 2019) (same).

The Eleventh Circuit, in ML Healthcare Servs., LLC v. Publix Super Mkts., Inc., recognized the issue of whether the *Flury* test still applies in light of Fed. R. Civ. P. 37(e), but declined to make a determination. 881 F.3d 1293, 1307 (11th Cir. 2018). Instead, the court analyzed the facts of the case under both analyses. Id. Accordingly, this Court will do the same.

5

**III. DISCUSSION**

**a. CCTV Footage**

Sanctions Pursuant to Rule 37(e)

Plaintiffs argue that sanctions should be imposed against Defendant based on the destruction of CCTV footage covering the scene of the incident for twelve hours prior to the time of the incident. Plaintiffs attach, as an exhibit to their Motion, a copy of a letter dated July 9, 2019 from Plaintiffs' counsel to Defendant requesting "any and all video depicting the area of the incident for 12 hours prior to the incident" [D.E. 191-4]. Despite having received this letter two days after the subject incident, Defendant preserved only 30 minutes of footage prior to the incident, reasoning, the earlier footage was not relevant to the facts of the case [D.E. 191-5].

Defendant, in opposition to Plaintiffs' Motion, argues Plaintiffs have failed to establish that they were prejudiced by the Defendant's failure to preserve the footage, as required by Fed. R. Civ. P. 37(e)(1). Further, Defendant argues Plaintiffs have failed to show that Defendant acted with the intent to deprive Plaintiffs of the use of the information in the litigation, as required by Fed. R. Civ. P. 37(e)(2).

The Court agrees Plaintiffs have failed to show prejudice. Plaintiffs' claims, as alleged in their Complaint, are based on the Defendant's negligent failure to limit the width of the window

6

openings with screens, bars, or other devices; failure to provide signage, window markings, or other visual cues to indicate when a window was open; failure to design the windows in a manner that would clearly indicate when a window was open; and failure to comply with industry standards for window design and the installation of safety devices. Even if these allegations were proven to be true, and to constitute negligence, Defendant would be held liable, regardless of who opened the subject window. In other words, the fact that Plaintiffs do not have access to the footage showing when the subject window was opened, and who opened it, has no bearing on whether Plaintiffs can establish their prima facie case. Accordingly, Plaintiffs are not entitled to sanctions pursuant to Fed. R. Civ. P. 37(e)(1).

The Court does not find, however, that Plaintiffs failed to show Defendant acted with the intent to deprive Plaintiffs of the information. The Defendants were clearly notified in writing of the Plaintiff's intent to request and use the video footage in the course of litigation shortly after the subject incident occurred. Despite the Plaintiffs' request that the video be preserved, Defendants decided not to preserve it. This conduct indicates the Defendant's intent to deprive Plaintiff of the requested footage. Notwithstanding this finding, the Court finds the remedies provided under Rule 37(e)(2) are too severe based on the limited information to be gleaned from the footage, and the minimal

7

prejudice to the Plaintiffs. As stated in the Advisory Committee Note regarding Rule 37(e)(2),

> Courts should exercise caution, however, in using the measures specified in (e)(2). Finding an intent to deprive another party of the lost information's use in the litigation does not require a court to adopt any of the measures listed in subdivision (e)(2). The remedy should fit the wrong, and the severe measures authorized by this subdivision should not be used when the information lost was relatively unimportant...

Fed. R. Civ. P. 37(e)(2) advisory committee's note to 2015 amendment.

Accordingly, the Court finds Plaintiffs are not entitled to the severe sanctions available under Fed. R. Civ. P. 37(e)(2). The Court now turns its inquiry to the availability of sanctions based on the factors outlined by the Eleventh Circuit in *Flury*.

### *Flury* Multi-Factor Test

The Court finds that the third and fourth factors set forth in *Flury* weigh heavily in favor of imposing sanctions. First, it is evident Defendant acted in bad faith. Plaintiffs sent Defendant a letter on July 9, 2012, just two days after the subject incident, advising that they intended to litigate this matter and directing Defendant to preserve 12 hours of CCTV footage. Moreover, the severity of the incident, which resulted in the untimely death of

8

a child, should have put Defendant on notice of the need to preserve the footage. Despite this notice, Defendant failed to take measures to preserve the footage. Instead, Defendant unilaterally disregarded the Plaintiffs' request and determined that only thirty minutes of footage was relevant and destroyed or failed to preserve the remaining footage. Notably, the Court is concerned about Defendant's actions in failing to preserve evidence which was clearly subject to production. Such blatant disregard for the Rules of Civil Procedure cannot be tolerated. If Defendant desired to destroy video footage beyond 30 minutes, it should have sought court approval.

As explained above, the Court finds Plaintiffs' argument that they were severely prejudiced by not being able to view the footage to determine who opened the subject window unconvincing, and the damage to their ability to present a prima facie case minimal at best. Nonetheless, by permitting a defendant to disregard the request of opposing counsel in derogation of the Federal Rules of Civil Procedure without penalty based on the happenstance fact that the evidence turned out to be less probative would increase the risk for future abuse. Denying Plaintiff's request for sanctions under the circumstances would create a dangerous precedent, allowing parties to destroy evidence based on their unilateral determination of its relevance prior to the issuance of a ruling on the discoverability or admissibility of the materials

9

by the Court. Furthermore, by destroying or failing to preserve the evidence in advance of the Court's ruling, the party deprives the Court of the information necessary to make such a decision entirely. Accordingly, the Court finds Plaintiffs are entitled to sanctions based on the weight of the factors set forth by the Eleventh Circuit in *Flury*.

### b. Discovery Violation – Withholding Documents

Plaintiff argues sanctions should be imposed against Defendant based on their failure to produce a document Plaintiffs deem relevant to their interrogatories and requests for production of documents, as well as Defendant's corporate representative's failure to mention the document when deposed. In discovery, Plaintiffs requested that Defendant "describe with specificity each and every policy and/or procedure of Defendant...which relate[s] in any way to...the application of ASTM standards on the ship" [D.E. 201-1]. Similarly, in their requests for production of documents, Plaintiffs requested "and any all of Defendant's rules, regulations, policies, and/or procedures...which pertain in any way to the application of the ASTM standards on Defendant's vessels..." [D.E. 201-2]. Finally, while deposing Defendant's corporate representative, Plaintiffs asked if Defendant was familiar with the ASTM [D.E. 188-16 at 90]. Defendant's corporate representative responded by stating, Defendant is aware of the ASTM because litigants in other lawsuits have tried,

10

unsuccessfully, to assert that the ASTM is applicable to cruise ships [D.E. 188-16 at 90]. She also stated that the only instance in which Defendant utilizes ASTM standards is with regard to pool vacuum suction [D.E. 188-16 at 91].

Through discovery in another case Plaintiffs' counsel is litigating against Defendant, Plaintiffs' counsel became aware that Defendant utilizes the ASTM standards to inspect the waterslides aboard its other vessels. However, Defendant failed to disclose this information through discovery in the instant case.

Defendant, in Response, states that the subject waterslide inspection policy was authored by a third-party waterslide company, *White Water*. The *White Water* policy references the ASTM standards, but specifies that the policy should be utilized as a guideline, and are not mandatory or exhaustive. Further, the *White Water* policy was produced alongside Defendant RCL's policy, which makes no mention of the ASTM. Defendant further states that they conferred with Plaintiffs' counsel and explained that their motion for sanctions was based on a misunderstanding because the policy was not written or adopted by the Defendant. Defendant's counsel also conferred with the attorney representing Defendant in the other case and amended discovery responses were sent to Plaintiffs' counsel clarifying the issue. Nonetheless, Plaintiffs' counsel proceeded to file the instant Motion, representing to the Court that the *White Water* policy was in fact Defendant's policy, and

11

that it served as evidence that the ASTM was applicable to Defendant's ships.

Plaintiffs' counsel further misrepresents the Defendant's statements to the Court by arguing that Defendant "would have been unable to take the position" that the portions of the ASTM governing window openings was inapplicable on cruise ships if they had disclosed the waterslide policy in discovery. This is misleading in three ways – first, Plaintiffs' counsel knowingly misrepresents the *White Water* policy as Defendant's policy. Second, the *White Water* policy only references the ASTM standards applicable to water slides and not the ASTM window standards. Third, the fact that the ASTM window standards do not govern cruise ship windows was the position asserted by Plaintiffs' expert, and not the Defendant as Plaintiffs allege.

The Court is deeply troubled by Plaintiffs' counsel's apparent continued disregard for the tenets of professionalism and ethical conduct set forth by the Florida Bar Oath of Admission and Creed of Professionalism, as their arguments appear to be misrepresentations of the record evidence. Appropriate sanctions and/or remedial directives will be issued upon conclusion of the case through appeal. Subsequent to appeal, the parties should brief the issue of what sanctions shall be imposed.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Sanctions [D.E. 201] is hereby **DENIED**. It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Sanctions [D.E. 191] is hereby **GRANTED** in part. Subsequent to appeal, as appropriate, the parties shall brief the issue of what sanctions should be imposed.

**DONE AND ORDERED** in chambers this 11th day of August, 2021.

s/Donald L. Graham
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record